[Cite as *State v. Gullion*, 2013-Ohio-147.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2012-L-114** |
| - vs - | : | |
| ROGER W. GULLION, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 11 CR 000296.

Judgment: Appeal dismissed.

*Charles E. Coulson*, Lake County Prosecutor, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Roger W. Gullion*, pro se, PID: A604647, Belmont Correctional Institution, P.O. Box 540, St. Clairsville, OH 43950 (Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} This matter is before this court on the pro se motion of appellant, Roger W. Gullion, for leave to file a delayed appeal pursuant to App.R. 5(A). Along with his motion, appellant filed his notice of appeal on September 26, 2012. Appellant is appealing the September 7, 2011 judgment issued by the Lake County Court of Common Pleas, sentencing him to serve 20 years in prison for rape following a guilty plea. Thus, appellant filed his notice of appeal approximately one year past the filing deadline.

{¶2} Appellee, the state of Ohio, filed a response in opposition to appellant's motion on October 1, 2012. The state maintains appellant was advised of his appellate rights and contends the reasons he submits for the cause of his delay do not justify granting a delayed appeal.

{¶3} App.R. 5(A) states, in relevant part:

{¶4} (1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶5} (a) Criminal proceedings;

{¶6} * * *

{¶7} (2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals. * * *

{¶8} In his motion, appellant asserts his appeal is untimely due to his lack of legal knowledge and an understanding of his appellate rights. Appellant contends his attorney neither filed an appeal on his behalf nor advised him to file his own appeal. In addition, appellant maintains that the prison library was not readily available to him.

{¶9} A review of the written plea of guilty establishes the trial court and appellant's counsel advised appellant of his appellate rights. Specifically, appellant

2

acknowledged the trial court informed him and he understood that "[i]f [he] was convicted at trial, [he] would have a right to appeal." Appellant further acknowledged that "[his] attorney has explained [his] right to appeal a maximum sentence, [his] other limited appellate rights, and that any appeal must be filed within 30 days of the Court's entry of the judgment of [his] sentence."

{¶10} While appellant's reasons might explain some lapse in time in initiating his direct appeal, they do not justify a delay of almost one year between the time of appellant's sentence and the filing of his motion for delayed appeal. We determine appellant was not diligent in taking the proper steps to protect his own rights. Therefore, we find appellant has not satisfied the requirements of App.R. 5(A) by asserting reasons that would justify his delay in filing an appeal.

{¶11} Accordingly, it is ordered that appellant's pro se motion for leave to file a delayed appeal is hereby overruled.

{¶12} Appeal dismissed.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.

3